UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00019-GNS-HBB-1

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

JONATHAN COLLINS                                                 DEFENDANT

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Objection (DN 42) to the Magistrate Judge's Findings of Facts, Conclusions of Law, and Recommendation ("R. & R.") (DN 39) regarding Defendant's Motion to Suppress (DN 27), and Defendant's Motion to Supplement (DN 35).  The matter is now ripe for adjudication.  For the reasons that follow, the Magistrate Judge's R. & R. is **ADOPTED**, the objection is **OVERRULED**, Defendant's motions are **DENIED**.

## I.       <u>BACKGROUND</u>

Defendant Jonathan Collins ("Collins") moved to suppress evidence obtained from a search warrant executed on his home on March 9, 2021.  (Def.'s Mot. Suppress Ex. 1, at 1, DN 27-1).  Agent Bradley Brown ("Brown") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives applied for a warrant that same day after an alleged informant (the "Victim") claimed multiple firearms were kept by Collins in the house despite the fact that he had a previous felony conviction.  (Def.'s Mot. Suppress Ex. 1, ¶¶ 1, 11).  The Victim most recently noted the possession three days prior, on March 6, 2021.  (Def.'s Mot. Suppress Ex. 1, ¶ 7).  When giving the statement, the Victim was informed of the consequences of providing false information to law enforcement.  (Def.'s Mot. Suppress Ex. 1, ¶ 8).  The Victim reported that Collins was the father of three of the Victim's children and had seen Collins in possession of a firearm multiple times since January 2021.  (Def.'s Mot. Suppress Ex. 1, ¶ 9).  The Victim also stated that Collins seriously assaulted the Victim on

March 6, 2021.  (Def.'s Mot. Suppress Ex. 1, ¶ 10).  Brown stated that he verified that Collins had a "significant criminal history of domestic violence" perpetrated against the Victim.  (Def.'s Mot. Suppress Ex. 1, ¶ 10).  Finally, Brown stated that the search warrant would be executed that night based on the safety of the Victim due to the violent nature of the Victim and Collins' interactions, and an escalation of that violence over time.  (Def.'s Mot. Suppress Ex. 1, ¶ 13).

The search warrant was executed the night of March 9, 2021, and methamphetamine was found in the garage of the home.  (Def.'s Mot. Suppress 2, DN 27).  On March 16, 2021, Collins made a recorded phone call while in custody and made incriminating statements.  (Def.'s Mot. Suppress 2).  As a result, the police searched the residence again and found a pistol located in a couch.  (Def.'s Mot. Suppress 2-3).

Collins moved to suppress all evidence found as a result of the search.  (Def.'s Mot. Suppress 3-7).  After retaining new counsel, a motion to supplement requesting a hearing was also filed.  (Def.'s Mot. Suppl., DN 34).  The Magistrate Judge issued the R. & R. recommending that Collins' Motion to Suppress be denied.  (R. & R. 11).

## II.   STANDARD OF REVIEW

When ruling on an objection to a magistrate judge's report and recommended disposition on a defendant's motion to suppress evidence, the Court conducts a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## III.   DISCUSSION

Collins objects to the Magistrate Judge's denial of an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  Collins claims that the Victim was not in Kentucky on March 6, 2021, and therefore the affidavit contained false information.  (Def.'s Mot. Suppl. 1-2).  In his objection, Collins asserts that there is sufficient evidence that Brown was reckless in

verifying the information contained in the complaint and that a hearing is warranted to question Brown.  (Def.'s Obj. R. & R. 2, DN 42).

As the Magistrate Judge points out, under *Franks*:

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request.

*Franks*, 438 U.S. at 155-56.  "[A] defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden."  *United States v. Green*, 572 F. App'x 438, 441 (6th Cir. 2014) (citation omitted).  A subjective test is employed if the defendant alleges the affiant was reckless.  *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019).  The defendant must show that "the affiant subjectively 'entertain[ed] serious doubts as to the truth of his [or her] allegations.'"  *Id.* at 1008 (alterations in original) (citation omitted).  "In order to obtain a *Franks* hearing, defendants must make a 'substantial preliminary showing' that the false statements originated with the government affiant, not with the informants, or that the government affiant repeated the stories of the affiant with reckless indifference to the truth."  *United States v. Giacalone*, 853 F.2d 470, 475-76 (6th Cir. 1988).

"[O]f course, a presumption of validity [exists] with respect to the affidavit supporting the search warrant."  *Franks*, 438 U.S. at 171.  As the Magistrate Judge concluded, Collins has provided a screenshot of a confirmation for a hotel room for March 5-7 in Chattanooga, Tennessee, but has not shown that Brown subjectively entertained serious doubts as to truth of the Victim's statement, nor that the statements actually were false.  "Allegations of [an agent's] negligence or innocent mistake are insufficient."  *Id*.  Other than the confirmation, Collins has no information, which is his burden *before* being granted a *Franks* hearing, that Brown seriously doubted the truth

3

of the Victim's statement.  As the Magistrate Judge noted, the affidavit shows that a swift execution of the warrant was necessary in Brown's eyes for the safety of the Victim.  (R. & R. 11).  In light of the surrounding circumstances, Brown's claimed failure to corroborate thoroughly the Victim's allegations does not rise to the level of reckless indifference to the truth of the statement.[1]

For these reasons, Collins has failed to establish that a *Franks* hearing is warranted.  His motions will be denied.

The United States moves to seal Exhibit 1 to Defendant's Supplemental Motion because it contains personal and confidential information about the witness.  (Pl.'s Mot. Seal, DN 1, DN 36).  This motion will be granted.

### IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Objection (DN 42) is **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 39) is **ADOPTED** as and for the opinion of the Court.

2.      Defendant's Motion to Suppress (DN 27) and Defendant's Motion to Supplement (DN 35) are **DENIED**.

3.      Plaintiff's Unopposed Motion to Seal (DN 36) is **GRANTED**.  The Clerk shall seal Exhibit 1 (PageID # 100) to DN 35, and separate and file the document as a sealed attachment to DN 35.

Greg N. Stivers, Chief Judge
United States District Court

April 6, 2022

cc:     counsel of record

---

[1] Collins did not allege Brown intentionally made a false statement.

4